UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-183(DSD/JJG)

Mary Miller,

Plaintiff,

v.                                                    **ORDER**

Gurstel, Staloch & Chargo, P.A.,

Defendant.


Trista M. Roy, Esq., Consumer Justice Center, 367 Commerce Court, Vadnais Heights, MN 55127, counsel for plaintiff.

Bridget A. Sullivan, Esq., Michael D. Johnson, Esq. and Gurstel, Staloch & Chargo, P.A., 6681 Country Club Drive, Golden Valley, MN 55427, counsel for defendant.


This matter is before the court upon the motion for partial summary judgment by plaintiff Mary Miller. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.


**BACKGROUND**

This consumer-debt action arises out of attempts to collect a debt mistakenly attributed to Miller[1] by defendant Gurstel, Staloch

---

[1] All references to "Miller" are to plaintiff, and not to the New York debtor of the same name.

& Chargo, P.A.[2] (Gurstel Chargo).   Some time in 2008, nonparty
Rubin & Rothman, LLC (Rubin & Rothman) requested Gurstel Chargo to
docket a New York judgment in Minnesota court.   Maklin Aff. ¶ 7;
Maklin Dep. 20:2-6.   The New York judgment is in favor of nonparty
Capital One Bank (Capital One) in the amount of $1,199.76 and
against Mary Miller, of 113 Christopher Street, New York, New York.
Roy Aff. Ex. 4, at 6-7.   Rubin & Rothman requested that Gurstel
Chargo docket the judgment against plaintiff, who lived in Circle
Pines, Minnesota.   On April 20, 2009, Gurstel Chargo received an
exemplification of the New York judgment.   Id. at 6.   When dealing
with a foreign judgment, Gurstel Chargo first sends a demand
letter.

Gurstel Chargo did not send a demand letter to Miller.
Instead, on May 1, 2009, it sent a request for pre-garnishment
discovery.   Def.'s Mem. Opp'n 2.   The request did not contain the
disclosures required by 15 U.S.C. § 1692g, and was captioned as a
state court action, Capital One Bank (USA), N.A. v. Mary Miller in
Minnesota district court in Anoka County.   Roy Aff. Ex. 1.   Upon
receipt, Miller called Gurstel Chargo, and reported that she
believed she was a victim of fraud because she did not have an
account with Capital One.   Maklin Aff. ¶ 15.   Gurstel Chargo sent
Miller a letter requesting "a copy of any police report you filed

---

[2] Gurstel, Staloch & Chargo, P.A. changed its name to Gurstel
Chargo P.A. after this action began.

in this matter, a copy of your social security card and a copy of your drivers' license" for forwarding to Capital One's fraud investigator. Roy Aff. Ex. 7.[3]  The letter states that if Miller "fail[s] to respond to the questions, our client will take that into account in determining whether or not fraud is involved." Id. Miller did not respond.[4]  Maklin Aff. ¶ 16.

On May 21, 2009, Gurstel Chargo filed the New York judgment in Minnesota district court in Anoka County.  Roy Aff. Ex. 4.[5]  On June 3, 2009, Gurstel Chargo sent Miller a demand letter for $1,465.04.  Id. Ex. 5.  On June 4, 2009, Gurstel Chargo sent Miller another demand letter for $1,465.18.  Id.  On July 30, 2009, Gurstel Chargo served a garnishment summons for $1,472.70.  Id. Ex. 6.

On January 1, 2010, Miller filed the present action, claiming that Gurstel Chargo violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 – 1692p.  Miller moves for partial summary judgment as to liability.  The court now considers the motion.

---

[3] Attorney Trista M. Roy states that the letter is a true and correct copy.  Roy has no basis on which to authenticate the letter.  Gurstel Chargo does not refute the affidavit, however, and the court considers the letter.

[4] Miller disputes receiving this letter, but the court accepts Gurstel Chargo's version of the facts for purposes of this motion.

[5] Gurstel Chargo's prior attempt to file the judgment failed.

## DISCUSSION

### I.   Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c);[6] see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.  See Celotex, 477 U.S. at 324.  Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Id. at 322-23.

---

[6] The court cites the Federal Rules of Civil Procedure in effect at the time of the motion.  Changes effective December 1, 2010, do not affect the outcome of this case.

## II.   Bona Fide Error Exemption

Congress enacted the FDCPA to protect consumers "in response to abusive, deceptive, and unfair debt collection practices." Schmitt v. FMA Alliance, 398 F.3d 995, 997 (8th Cir. 2005).  Debt collectors must adhere to the requirements of the FDCPA or face strict liability.  See Picht v. John R. Hawks, Ltd., 236 F.3d 446, 451 (8th Cir. 2001).  Gurstel Chargo admits that the May 1, 2009, letter violated §§ 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692g and that the July 30, 2009, garnishment summons violated §§ 1692d, 1692e, 1692e(2)(A), 1692e(4), 1692e(5) and 1692f.  See Ans. ¶¶ 8, 9, 14.  The only remaining issue, therefore, is whether the bona fide error exception shields Gurstel Chargo from liability.

The bona fide error exception of § 1692k(c) exempts a debt collector from liability only when "the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  15 U.S.C. § 1692k(c); see Picht, 236 F.3d at 451.

### A.   Reliance on Rubin & Rothman

Gurstel Chargo first argues that it is exempt from liability under § 1692k(c) because it relied upon the foreign judgment and the representations of Rubin & Rothman.  Such reliance provides no defense against the failure of Gurstel Chargo to provide § 1692g disclosures, the implication that a civil action had commenced in

Minnesota or the failure to perform any inquiry once Miller notified Gurstel Chargo that the debt was fraudulent. Moreover, Gurstel Chargo offers no evidence in support of its assertion that Rubin & Rothman was reliable or that reliance on its representations was reasonable. See, e.g., Maklin Dep. 20:17–19. Therefore, this argument fails.

**B.   Procedures Reasonably Adapted to Avoid Error**

Gurstel Chargo next argues that its errors occurred unintentionally, and despite its use of an "elaborate, multi-layered, technology-based system and process" to ensure compliance with the FDCPA. Maklin Aff. ¶ 4. Miller responds that this argument is foreclosed because Gurstel Chargo asserted only its reliance on Rubin & Rothman as the basis of the bona fide error exception throughout discovery. A party may not manufacture a genuine issue of material fact by submitting a last-minute affidavit that contradicts prior testimony. See Camfield Tires, Inc., v. Michelin Tire Corp., 719 F.2d 1361, 1365-66 (8th Cir. 1983).

The Rule 30(b)(6) witness for Gurstel Chargo stated that the basis of its bona fide error exception was "relying on the information provided with the file upon placement that it's correct." Maklin Dep. 42:3–16. Gurstel Chargo attempts to replace the unhelpful assertion that it is exempt based on reliance with "a more favorable version" involving its systems. See Roberts v. Park

Nicollet Health Servs., 528 F.3d 1128, 1127 (8th Cir. 2008). The court agrees that the affidavits of Amanda Maklin and Kim Handschke, executed the same day as the reply memorandum, are entitled to little weight, and partial summary judgment is warranted on this basis.

Moreover, even fully accepting the affidavits, Gurstel Chargo fails to meet the criteria of § 1692k(c). Gurstel Chargo admits that it made a mistake in filtering the Miller file, and posits that the mistake occurred in coding. Gurstel Chargo argues that it uses specific codes for actions and trains employees to code all events and withhold action until a demand letter has been sent. Gurstel Chargo cannot avoid accountability, however, through such conclusory and self-serving assertions.

Further, there is no evidence of any procedure designed to avoid coding mistakes, as allegedly occurred in this case. Gurstel Chargo only offers evidence that it maintains a tracking system. There is no evidence that Gurstel Chargo maintains any regular step to avoid inaccurate data in its "elaborate, multi-layered, technology-based system and process." See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1614 (2010). The face of the documents showed Gurstel Chargo that it was dealing with a foreign judgment. Its multiple attempts to file the judgment in Minnesota demonstrate that it had notice that the judgment was foreign. If its systems were designed to prevent such

errors, even a cursory review would reveal that no demand had been sent and that no judgment had been filed in Minnesota. A system that allows such obvious errors simply cannot be viewed as reasonably adapted to avoid or catch mistakes within the meaning of § 1692k(c). Therefore, partial summary judgment is warranted.

## CONCLUSION

Based on the above, **IT IS HEREBY ORDERED** that the motion for partial summary judgment [ECF No. 15] is granted.

April 13, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court